IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LATHERIAL BOYD, | ) | |
| | ) | |
| Plaintiff, | ) | No. 13 C 7152 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| CITY OF CHICAGO; Chicago Police Officer | ) | |
| RICHARD ZULEY, Star No. 15185; Chicago | ) | |
| Police Officer LAWRENCE THEZAN, Star | ) | |
| No. 9419; THE ESTATE OF Chicago Police | ) | |
| Officer ANDREW SOBOLEWSKI, Star No. | ) | |
| 16498; Chicago Police Officer STEVE SCHORSH, | ) | |
| Star No. 8955; Chicago Police Officer JOHN | ) | |
| MURRAY, Star No. 3175; Chicago Police Officer | ) | |
| WAYNE JOHNSON, Star No. 4266; and | ) | |
| UNKNOWN CHICAGO POLICE OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Latherial Boyd sued defendants City of Chicago, Chicago Police Officers

Richard Zuley, Lawrence Thezan, Steve Schorsh, John Murray, and Wayne Johnson, the estate

of Chicago Police Officer Andrew Sobolewski, and unknown Chicago Police Officers, seeking

damages he suffered from the 8,582 days spent wrongfully incarcerated for two murders.

Defendants have moved to dismiss Count II of the nine count amended complaint pursuant to

Federal Procedure Rule 12(b)(6). Count II alleges that defendants violated plaintiff's Fourteenth

Amendment Due Process rights under 42 U.S.C. § 1983 by fabricating evidence, which was used

to arrest and convict him of a murder he did not commit. For the reasons discussed below,

defendants' motion to dismiss is denied.

## BACKGROUND[1]

In the early morning hours of February 24, 1990, police found Michael Fleming ("Fleming") and Ricky Warner ("Ricky") suffering from gunshot wounds in the Wrigleyville area of Chicago. Fleming died at the scene. Ricky was immediately transferred to a hospital. The bullet had severed his spine, and doctors declared him paralyzed from the neck down. After interviewing Ricky, who identified plaintiff as the shooter, and Ricky's father, Herbert Warner, who identified plaintiff as a person who previously threatened the Warner family over a drug debt, police arrested plaintiff and charged him with murder.

After a bench trial in December 1990, plaintiff was convicted and sentenced to 82 years in prison. While in prison, he filed numerous appeals, petitions for post-conviction relief, petitions for habeas corpus relief, and petitions for executive clemency. In 2012, the Conviction Integrity Unity of the Cook County State's Attorney's Office began evaluating plaintiff's case, and learned of evidence and information that could have altered the trial and conviction. In September 2013, Cook County State's Attorney Anita Alvarez moved to vacate the conviction. Cook County dismissed all charges on September 10, 2013. Plaintiff received a Certificate of Innocence on September 25, 2013.

Plaintiff's initial complaint alleged eight counts, including malicious prosecution, against the City of Chicago and various police officers. His first amended complaint added one additional claim: fabrication of evidence pursuant to 42 U.S.C. 1983. Defendants seek to

---

[1] The following facts are taken from plaintiff's first amended complaint and are assumed to be true for purposes of this motion to dismiss. See Murphy v. Walker, 51 F.3d 714, 717 (7th Cir. 1995).

dismiss the fabrication of evidence claim, arguing that evidence fabrication claims against police officers are not viable under 42 U.S.C. 1983, and an adequate state law remedy in Illinois exists.

## LEGAL STANDARD

In evaluating a motion to dismiss, the court accepts the amended complaint's well-pleaded factual allegations as true and draws any reasonable inferences in the plaintiff's favor. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 55-56 (2007). A motion to dismiss for failure to state a claim tests the sufficiency of the complaint, not its merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive the motion, the complaint must allege sufficient facts that, if true, would raise a right to relief above the speculative level, showing that the claim is plausible on its face. Twombly, 550 U.S. at 555. To be plausible on its face, the complaint must plead facts sufficient for the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## DISCUSSION

In Count II of the first amended complaint, plaintiff alleges that defendants fabricated and solicited false evidence, including witness statements, police reports, and physical evidence, which were then used at trial to secure his wrongful conviction. As a result of this conduct, plaintiff argues he was denied his constitutional due process rights under the Fifth and Fourteenth Amendments. Defendants have moved to dismiss Count II pursuant to Fed. P. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. They argue that Newsome v. McCabe, 256 F.3d 747 (7th Cir. 2001), and its progeny hold that a plaintiff cannot bring a due

process claim based on the allegation that police officers fabricated or falsified evidence because a state law remedy for such a claim exists.

In holding that fabrication of evidence is not actionable because the state law remedy of malicious prosecution exists,[2] the Newsome court noted that "[t]he existence of a tort claim under state law knocks out any constitutional theory of malicious prosecution." 256 F.3d at 750; see also McCann v. Mangialardi, 337 F.3d 782, 786 (7th Cir. 2003) (stating that petitioner could not bring a claim that a police official violated his procedural due process rights because Illinois has a common law action for malicious prosecution).

Following the Seventh Circuit, courts in this district have held either that a fabrication of evidence claim does not give rise to a constitutional claim, or that, even though fabrication of evidence violates due process, the existence of a state law remedy for malicious prosecution compels plaintiffs to bring their claims under state law rather than under the due process clause. See Caine v. Burge, 897 F. Supp. 2d 714, 722 (N.D. Ill. 2012) ("Newsome, Brooks [v. City of Chicago, 564 F.3d 830 (7th Cir. 2009)], [and] Fox [v. Hayes, 600 F.3d 819 (7th Cir. 2010),] . . . clearly hold[] that claims alleging that police officers falsified or fabricated evidence sound only in malicious prosecution and therefore are not actionable . . . so long as state law supplies an adequate remedy."); Cihak v. City of Chicago, No. 12 C 10418, 2013 WL 3944411 (N.D. Ill. July 31, 2013) (holding that under Seventh Circuit precedent, fabrication of evidence allegations do not give rise to a constitutional due process claim).

---

[2] To bring a malicious prosecution claim, the plaintiff must show that "(1) he subjected to judicial proceedings; (2) for which there was no probable cause; (3) the defendants instituted or continued the proceedings maliciously; (4) the proceedings were terminated in the plaintiff's favor; and (5) there was an injury." Sneed v. Rybicki, 146 F.3d 478, 480-81 (7th Cir. 1998) (citing Reed v. City of Chicago, 77 F.3d 1049, 1051 (7th Cir. 1996)).

Yet, as thoroughly discussed in <u>Bianchi v. McQueen</u>, No. 12-cv-00364, 2014 WL 700628 (N.D. Ill. Feb. 24, 2014), the well-settled law on fabrication of evidence claims has been narrowed by a number of more recent Seventh Circuit opinions. Although no Seventh Circuit opinion has explicitly overturned <u>Newsome</u>, these subsequent cases have consistently narrowed it, suggesting that an allegation of evidence fabrication can support a due process claim if the plaintiff has been convicted, sentenced, and jailed for crimes he or she did not commit. <u>Bianchi</u>, 2014 WL 700628, at *10-12; <u>Miles v. McNamara</u>, No. 13 C 2395, 2014 WL 948884, at *6 (N.D. Ill. Mar. 11, 2014).

In particular, <u>Whitlock v. Brueggemann</u>, 682 F.3d 567 (7th Cir. 2012), suggested a change in the breadth of <u>Newsome</u>'s applicability. In <u>Whitlock</u>, the plaintiffs, who were found guilty of two murders, spent 21 years and 17 years in prison respectively. 682 F.3d at 570. Their convictions were reversed due to numerous <u>Brady</u> violations, and both brought suit against state officials. <u>Id.</u> Among various constitutional claims, the plaintiffs alleged that police and a prosecutor fabricated evidence in an effort to convict the plaintiffs for the murders. <u>Id.</u> at 580. In its analysis, the <u>Whitlock</u> court first focused on whether a fabrication of evidence claim violated defendants' constitutional rights. <u>Id.</u> The court noted that due process has been violated when a police officer fabricates evidence against a criminal defendant, and that evidence is later used to deprive the defendant of liberty. <u>Id.</u> The <u>Whitlock</u> court ultimately held that an investigating prosecutor who fabricates evidence used to deprive the criminal defendant of his or her liberty cannot claim qualified immunity because his actions violate the defendant's clearly established due process rights. 682 F.3d at 580. Thus, while <u>Whitlock</u> does not outright contradict <u>Newsome</u> and its progeny, it calls into question the breadth of <u>Newsome</u> and holds that evidence

fabrication does violate due process rights, even though a malicious prosecution would still be the appropriate theory under which to seek redress.

Other Seventh Circuit opinions clarified Whitlock.  In Alexander v. McKinney, 692 F.3d 553 (7th Cir. 2012), the plaintiff was acquitted in his criminal case and brought suit against the prosecutor and investigators for manufacturing false evidence to wrongfully arrest him. In its discussion, the Alexander court noted the proposition set forth in Whitlock, that police and "prosecutor[s] acting in an investigatory capacity who fabricate[] evidence that is used to obtain a wrongful criminal conviction violate[] a convicted defendant's clearly established due process rights." 692 F.3d at 557 (internal quotations omitted).

Most recently, Fields v. Wharrie, 740 F.3d 1107 (7th Cir. 2014) ("Fields II"), indicates that an evidence fabrication allegation can sustain a due process claim under Section 1983, reinforcing the proposition set forth in Whitlock.  740 F.3d at 1113; see also Petty v. City of Chicago, 754 F.3d 416, 2014 WL 2568264, at *5 (7th Cir. 2014) (noting that Whitlock and Fields II suggest that police officers and investigating prosecutors violate defendant's due process rights if they falsely create evidence used to convict defendant); Bianchi, 2014 WL 700628, at *10-11.  The Fields II court noted that this holding did not contradict previous Supreme Court precedent finding that no due process violation occurs when prosecutors coerce witnesses to provide testimony.  Fields II, 740 F.3d at 1112 (discussing Buckley v. Fitzsimmons, 509 U.S. 259 (1993)).   The Fields II court instead distinguished Whitlock because the defendant in Whitlock alleged fabricated testimony rather than coerced testimony.  Id.  The court concluded that while coerced witness testimony (which might not be false) does not violate a clearly established constitutional right, fabrication (which is false by definition) does. Bianchi, 2014 WL

6

700628, at *10.  Further, both <u>Fields II</u> and <u>Whitlock</u> did not "[address] the effect (if any) that the availability of state law malicious prosecution has on such a claim, [and therefore] it seems that malicious prosecution does not enter the calculus and knock out the availability of Section 1983 as a remedy." <u>Bianchi</u>, 2014 WL 700628, at *10; <u>see also</u> <u>Alexander</u>, 692 F.3d at 557.

Based on the current case law, which identifies exceptions to the <u>Newsome</u> rule, the court agrees with the reasoning in <u>Bianchi</u>: a plaintiff who was convicted, but whose conviction was subsequently overturned, may bring both a malicious prosecution claim and a due process claim. 2014 WL 700628, at *11.  The court notes that a wrongfully obtained conviction is an essential element of this claim.  An acquitted plaintiff who alleges fabrication of evidence may bring only a state law malicious prosecution claim, even if he is incarcerated prior to trial. <u>Id.</u>  Because the acquitted plaintiff was never convicted and never incarcerated for that specific conviction, the use of fabricated evidence in trial did not violate his due process rights. <u>Id.</u>; <u>see also</u> <u>Alexander</u>, 692 F.3d at 557 (discussing that a fabrication of evidence claim cannot be sustained if the alleged liberty deprivation stemmed from the initial arrest and not from time spent in jail after conviction).  Moreover, if a plaintiff is currently incarcerated, he or she may bring a due process claim but not a malicious prosecution claim. <u>Bianchi</u>, 2014 WL 700628, at *11.

In the instant case, plaintiff may bring his due process claim based on his allegation of fabrication of evidence.  Plaintiff was convicted and jailed for 25 years, after which his conviction was overturned and he was exonerated.  Based on his complaint, plaintiff was

deprived of his liberty by the use of fabricated evidence at trial, manufactured by defendant officers. Thus, he may bring his due process claim under current Seventh Circuit precedent.[3]

Defendants alternatively argue that, even if this court determines that new Seventh Circuit decisions have signaled a change in law, Count II should still be dismissed because plaintiff alleges only coercion and not actual fabrication. In particular, defendants cite Fields II and Petty v. City of Chicago, 754 F.3d 416, 2014 WL 2568264 (7th Cir. 2014), stating that coerced testimony from witnesses does not establish a constitutional violation. Defendants state that by using the term "coerced" in the complaint, plaintiff alleges only witness coercion and therefore, cannot seek redress.

The Fields II court defines coercive testimony as "testimony that a witness is forced by improper means to give; the testimony may be true or false." Fields II, 740 F.3d at 1110. "Fabricated testimony is testimony that is made up; it is invariably false." Id. "False testimony is the equivalent; it is testimony known to be untrue by the witness and by whoever cajoled or coerced the witness to give it." Id.

In the instant complaint, plaintiff alleges coercion and fabrication separately, and not interchangeably. At various points in the complaint, plaintiff states defendants "used suggestive, inducing, manipulative, and/or coercive interview techniques" to secure evidence. Plaintiff also asserts separate allegations of fabricated police reports, witness statements, and witness

---

[3] Defendants further argue that police officers are not held to the same fabrication of evidence standard as prosecutors under that Seventh Circuit precedent. First, defendants rely heavily on Illinois district court opinions, which do not control. Second, police officers and "investigating prosecutors are subject to the same constraints." Whitlock v. Brueggemann, 682 F.3d 567, 581 (7th Cir. 2012); see also Petty v. City of Chicago, 754 F.3d 416, 2014 WL 2568264, at *5 (7th Cir. 2014).

identifications. In particular, defendants allegedly fabricated a report of a search of plaintiff's apartment stating that the gun they found was not registered, when in fact defendant officers had located his FOID card in the apartment during the search. Plaintiff also alleges that defendant officers wrote a report that a witness was intoxicated at the time of the shooting when in fact initial reports at the crime scene made no mention of witness impairment. These allegations of fabrication have no relation to "coercion." Thus, defendants' argument that all of the allegations in Count II fall under coercion is incorrect.

Moreover, Petty was decided on summary judgment. In Petty, the defendant was indicted for murder but found not guilty after a bench trial. 2014 WL 2568264, at *1. The defendant then filed suit against the city and individual police officers, alleging that they used falsified evidence to implicate him. Id. At the summary judgment stage, the Petty court had the benefit of a developed record and could determine whether any of the underlying facts supported a claim for coercion or fabrication of evidence. See id. at *6. The court determined that the plaintiff had failed to produce sufficient facts to support his claim of fabrication and had instead alleged coercion of evidence, which was not a cognizable due process claim. See id.

Here, at this stage of the proceedings, the court takes all facts alleged in the complaint as true. The complaint clearly alleges fabrication of evidence in witness identifications, witness statements, police reports, and physical evidence, and that defendants knew the evidence to be false. Thus, Count II sufficiently asserts a claim of fabrication of evidence and not solely coercion.

## **CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss is denied. Defendants are directed to answer Count II of the amended complaint within 21 days hereof.

9

**ENTER:**     **August 6, 2014**

**Robert W. Gettleman**
**United States District Judge**